IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Aerocare Medical Transport System, Inc.,** ) | |
| Plaintiff, ) | |
| ) | No. 20 C 7753 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Health Care Service Corporation,** ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [6] is granted without prejudice. Plaintiff is granted leave to amend the complaint within 14 days of the date of entry of this order. If an amended complaint is not filed, the dismissal will convert to one with prejudice and final judgment will be entered.

## STATEMENT

Deborah Chagal is a participant in a health-benefit plan ("Plan") administered by Defendant. Chagal was injured during a trip to Costa Rica. As the purported assignee of Chagal, Plaintiff sues under § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking reimbursement for Chagal's air transport from Costa Rica to Chicago for medical treatment. Defendant moves to dismiss the complaint for failure to state a claim.

A complaint must allege facts sufficient to raise a right to relief above the speculative level, showing that the claim is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[B]enefits payable under an ERISA plan are limited to the benefits specified in the plan." *Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 497 (7th Cir. 1999). However, "[a] plaintiff need not plead the specific terms or provision establishing recoverable benefits as long as the complaint plausibly alleges [that the plaintiff] . . . was entitled to coverage and payment." *Lubinski v. CVS Health Welfare Benefit Plan*, No. 20 C 89, 2020 WL 6870822, at *2 (N.D. Ill. Nov. 23, 2020). "Where the provisions of a [health-benefit] plan are clear and unambiguous they will be strictly construed; the court may not rewrite the terms of the plan." *Staple v. Ameritech Mobile Commc'ns, Inc.*, No. 00 C 4069, 2002 WL 314465, at *4 (N.D. Ill. Feb. 27, 2002).

The Plan defines ambulance transportation as follows:

> AMBULANCE TRANSPORTATION [] means local transportation in a specially equipped vehicle for certified ground and air transportation options from your home, scene of accident or medical emergency to a Hospital, between Hospital and Hospital, between Hospital and Skilled Nursing Facility or from a Skilled

> Nursing Facility or Hospital to your home. If there are no facilities in the local area equipped to provide the care needed, Ambulance Transportation then means the transportation to the closest facility that can provide the necessary service.

(Def.'s Resp., Dkt. # 6-1, at Page 21 of 153.)

Plaintiff alleges that no facility nearer to Costa Rica is identified in the record that was able to provide the level of care required by Chagal, and "[b]ecause Chagal and her family reside in Chicago, both the transferor and transferee facilities agreed that a transfer to Northwestern was medically necessary to address her immediate medical needs and ensuing rehabilitation." (Compl., Dkt. # 1, at ¶ 11.)

Defendant, however, argues that before addressing whether the transfer to Northwestern was medically necessary, Plaintiff must overcome the general coverage statement for ambulance transportation, which states that such transportation is covered when medically necessary, but that "*[b]enefits will not be provided for long distance trips* or for use of an ambulance because it is more convenient than other transportation when rendered in connection with a covered Inpatient admission or covered Emergency Medical Care." (Def.'s Mot. Dismiss, Dkt. # 6-1, at Page 67 of 153) (emphasis added). According to Defendant, this provision expressly excludes from coverage the long-distance transfer to Costa Rica. Plaintiff responds that "[t]he Plan does not categorically bar long-distance air ambulance transportation[] or cover only 'local' ambulance transportation; and if it did, the 'nearest facility' language on which [Defendant] predicates its primary arguments would be unnecessary surplusage." (Pl.'s Resp., Dkt. # 13, at 10.) The Court disagrees with both assertions. As to the latter, requiring Plan participants to be transported to the "closest facility that can provide the necessary service" aligns with the provision that the Plan covers local, not long-distance, transportation.

Regarding Plaintiff's assertion that the Plan does not categorically bar long-distance transportation, a plain reading of the Plan indicates otherwise. Importantly, Plaintiff offers no alternative construction of this section, other than to state that the Plan "can be logically construed to require local transport only where there is a local facility capable of providing the care needed." (*Id*., at 9-10.) But Plaintiff does not allege the absence of a local facility "equipped to provide the care needed." Even assuming Plaintiff had done so, the Plan states, as noted above, that when no local facility capable of providing the needed service exists, "Ambulance Transportation then means the transportation to the closest facility that can provide the necessary service." As Defendant states, "Plaintiff does not allege that Northwestern, which is roughly 3,500 miles from Costa Rica, is the closest facility that could have provided the necessary service." (Def.'s Reply, Dkt. # 16, at 6.) Plaintiff cryptically alleges that no closer facility "is identified in the record," but that is not the pleading standard. Plaintiff must allege facts establishing a plausible claim for relief. *See Lubinski,* 2020 WL 6870822, at *2 ("At the motion to dismiss stage, it is [plaintiff's], not defendants', obligation to plausibly allege that the Illinois hospital was the closest treatment option to state a claim for benefits under the plan."). "[T]he fact [that] no other facility was identified [in the record] does not mean that no other suitable facility exists." (Def.'s Reply, Dkt. # 16, at 9 n.11.)

Plaintiff is granted leave to amend the complaint to the extent it is able to do so in accordance with Federal Rule of Civil Procedure 11.

**Date**: March 12, 2021

**Ronald A. Guzmán**
**United States District Judge**